GONZÁLEZ, DEMANDANTE Y APELADO, *v*. VILELLA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad e *injunction*.

No. 1425.—Resuelto en julio 5, 1916.

EXCEPCIONES PREVIAS—INDEBIDA ACUMULACIÓN DE ACCIONES—SÚPLICA DE LA DEMANDA—ALEGACIONES DE LA DEMANDA.—Cuando en la súplica de la demanda se solicitan dos remedios, el segundo para el caso de que el primero no prospere pero las alegaciones de ella se refieren únicamente a uno sólo, no procede la excepción de indebida acumulación de acciones.

NULIDAD DE CRÉDITOS—PRECIO APARENTE Y SIMULADO—FRAUDE—CAUSA DE ACCIÓN.—Alegando la demanda que el precio del contrato fué aparente y simulado para defraudar al demandante, aduce causa de acción para obtener su nulidad.

ID.—PRELACIÓN DE CRÉDITOS—FRAUDE—TERCEROS.—La alegación de que uno de los demandados intenta hacerse adjudicar los únicos bienes que tiene el otro demandado y traspasarlos a tercera persona inocente, es suficiente para demostrar que no podrá cobrarse de ellos el demandante.

ID.—PAGARÉ SIMULADO—EXAMEN DE LAS PRUEBAS.—Examinadas las pruebas en este caso se resolvió que no hubo error al estimar el juez inferior que el pagaré de que se trata fué simulado y falso por no mediar causa para su otorgamiento.

APELACIÓN—SENTENCIA—FUNDAMENTOS DE LA SENTENCIA—ERRORES SIN IMPORTANCIA.—El recurso de apelación no se da contra los fundamentos de la sentencia sino contra la sentencia misma, y cuando está sostenida por los hechos y la ley, carece de importancia el error en que haya podido incurrir el juez sentenciador con la cita de preceptos legales no aplicables.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. Leopoldo Feliú.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Ignacio González presentó demanda en la Corte de Distrito de Mayagüez contra José I. Rivera, Modesta Rivera y contra Luis Vilella en la que expuso que siendo acreedor de los dos primeros demandados por tres pagarés vencidos ascendentes a $351.67 los demandó en la Corte Municipal de Mayagüez en 31 de diciembre de 1914, y que allá por el día 15 de enero de 1915 obtuvo el embargo de varios condominios que describe, ascendentes a $3,090.82 que pertenecen a sus deudores, sin que el embargo fuera inmediatamente inscrito en el registro de la propiedad, en cuyo pleito comparecieron los demandados radicando una solicitud con motivo del emplazamiento y cuyo pleito está aún pendiente; que dichos dos demandados, que son marido y mujer, se confabularon con el otro demandado Luis Vilella para obstaculizar el cobro de su crédito con cuyo objeto allá por el día dos de enero de 1915 extendieron cierto supuesto pagaré suscrito aparentemente con fecha 31 de enero de 1914 por los esposos a favor de Vilella con vencimiento para el día 31 de diciembre del mismo año por la cantidad también aparente de $2,150 con más intereses al 1 por ciento mensual hasta su pago y que para llevar a efecto la confabulación se hicieron demandar por Vilella en la Corte de Distrito de Mayagüez en 13 de enero de 1915, y al día siguiente Vilella les embargó los mismos bienes que el demandante le había embargado, sin que los esposos deudores se defendieran del pleito de Vilella y se dejaron condenar en rebeldía, siendo Vilella amigo íntimo de dichos esposos, y que para la ejecución de la sentencia se había anunciado la venta en pública subasta de esos condominios los cuales trata Vilella de adquirir para transferirlos luego a tercera persona inocente y colocarlos de esa manera fuera del alcance del demandante.

Con tales hechos y otros que no es necesario exponer en este momento, solicitó la expedición de un *injunction* pre-

liminar y que en definitiva se declarase simulado, falso y fraudulento el pagaré otorgado por los esposos demandados a favor de Vilella y se anulase también el procedimiento seguido para su cobro, el embargo que en el mismo trabó y su inscripción en el registro de la propiedad y que se dejen dichos condominios libres de toda carga o gravamen proveniente de dicho pleito, y que en defecto de lo anterior se declare que el crédito del demandante relacionado en la demanda y el embargo que trabó sobre los mencionados bienes en el pleito que sigue en la Corte Municipal de Mayagüez para su cobro tiene prelación y preferencia para su pago e inscripción en el registro sobre el crédito y embargo de Luis Vilella y que en consecuencia el embargo del demandante se anote en el registro con prelación y preferencia al de Luis Vilella.

Esa demanda fué excepcionada por Luis Vilella alegando que se acumularon indebidamente las acciones de nulidad y de prelación de créditos y además que la demanda no aduce hechos para determinar una causa de acción.  Al propio tiempo contestó la demanda alegando materia nueva.

Celebrado el juicio, el Juez de Distrito de Mayagüez dictó sentencia declarando que el pagaré suscrito por los esposos demandados a favor de Vilella es nulo y también lo es el procedimiento seguido para su cobro y la sentencia que en el mismo se dictó, el embargo y el mandamiento de ejecución que se libró y nula también la anotación que de él se hizo en el registro de la propiedad cuya cancelación ordena, disponiendo también que los condominios referidos quedasen sujetos al pago del crédito del demandante, prohibiendo asimismo a los demandados que ejecuten acto alguno para el cobro de dicho pagaré.

Interpuesto recurso de apelación contra esa sentencia por Luis Vilella, los motivos de error en que lo funda son que debieron haber sido sostenidas sus excepciones a la demanda y que hubo error al declarar que el pagaré era nulo, falso

y simulado, y asimismo al dar aplicación en este caso a los artículos 1258, inciso 5°., 1261 y 1264 del Código Civil.

Examinemos lo que a la indebida acumulación de acciones hace referencia.

Aun cuando en la súplica de la demanda se solicitan dos remedios, el segundo para el caso de que el primer no prospere, no podemos decir que en verdad se ejercitan dos acciones porque todas las alegaciones de la demanda se refieren únicamente a la acción de nulidad del pagaré suscrito a favor de Vilella y del pleito que originó, sin que hayan alegaciones para la acción de prelación de créditos por lo que la excepción no está dirigida contra los hechos de la demanda sino contra la súplica de ella. La excepción ha de dirigirse contra los hechos aducidos en las alegaciones pues generalmente la súplica no es de gran importancia.

El error que se atribuye a la corte inferior por no haber sostenido la excepción de que los hechos de la demanda no son suficientes para justificar la acción de nulidad se funda en primer término en que alegándose una confabulación de los demandados, no se expresa que el demandado Vilella tenía conocimiento de que en la corte municipal se estaba tramitando el pleito del demandante, ni que estuviera enterado de que José I. Rivera y su esposa eran deudores de González, alegaciones que estima necesarias para imputar a todos los demandados actos de confabulación para defraudar al demandante.

Si bien es cierto que no se alega expresamente que Vilella sabía que el demandante en este caso tramitaba un pleito para cobrar de los citados esposos, sin embargo, como se alegó que el precio del contrato entre los demandados fué aparente y simulado para defraudar al demandante, se adujo causa de acción porque lo que es simulado es falso. *Rivera v. Rivera* (pág. 172).

También se sostiene que puesto que el crédito de Vilella es por $2,150 y los bienes embargados ascienden a $3,090.82, quedaba un remanente para que González pudiera cobrar los

$351.67 que reclama, y que como lo embargado cubre con exceso las reclamaciones de ambos embargantes, resulta de la faz de la demanda que no existe perjuicio alguno para el demandante González y, por tanto, que no tiene causa de acción para demandar, ya que no hay alegación alguna de que tales bienes no cubran los créditos porque se han depreciado o por cualquier otro motivo. Como existe en la demanda la alegación de que Vilella intenta hacerse adjudicar los bienes para traspasarlos a tercera persona inocente y colocarlos fuera del alcance del demandante, creemos que esto es bastante para demostrar que no podría el demandante cobrarse su crédito de dichos bienes.

Asimismo se sostiene que la alegación de fraude está limitada a deducciones y suposiciones y que de acuerdo con el caso de *Martínez* v. *Jiménez,* 21 D. P. R. 209, para que una demanda por fraude sea suficiente es necesario que los hechos que se aleguen sean de tal naturaleza que puedan justificar una sentencia condenatoria.

El caso que cita la parte apelante no tiene aplicación al presente. Entonces se dijo: ''La única alegación de fraude en la simulación de la deuda de Jiménez a Torres está hecha en tales términos que más bien parece una suposición del demandante que su afirmación de fraude, deduciéndola de que no parece racional y lógico que se hiciera un préstamo sin interés y sin garantías.'' El presente caso no se halla en esas condiciones porque no existen suposiciones como en aquél, sino afirmaciones de que los demandados se confabularon para defraudar al demandante y que simularon un pagaré cuyo precio es aparente.

¿Hubo error al estimar el juez inferior que el pagaré en cuestión fué simulado y falso por no mediar causa para su otorgamiento?

Sostiene el apelante que el juez sentenciador llegó a la conclusión de que el pagaré de Vilella es falso y simulado porque apreció la prueba con prejuicio y parcialidad, pero no encontramos nada en la prueba que demuestre esa afir-

mación, ni tampoco en el alegato se trata de demostrárnoslo, toda vez que después de enunciada esa afirmación, sin argumentarse, se limita el apelante a considerar si la prueba es o no suficiente para sostener la conclusión de la corte, por lo que a este último particular limitaremos nuestra opinión.

La prueba presentada en el juicio fué documental y de testigos.

Según la prueba documental, el embargo del demandante González en su pleito contra los esposos Rivera para cobro de tres pagarés se verificó y notificó el 2 de enero de 1915; el día 12 pidieron los esposos demandados la nulidad del emplazamiento; el día 15 se libraron los mandamientos al registrador de la propiedad para la anotación del embargo de González y dos días antes—esto es, el 13 de enero—presentó Vilella su demanda para cobrar los $2,150 del pagaré, y en ese mismo día se embargaron a instancia de Vilella varios condominios de los demandados, que son los mismos que había embargado González, y dictada sentencia en rebeldía de los demandados el 25 de enero se anunció la venta de los citados condominios para el día 26 de marzo siguiente.

La prueba testifical consistió en las declaraciones de los demandados Luis Vilella, José Ignacio Rivera, Modesta Rivera y del demandante Ignacio González.

El conjunto de las declaraciones de los demandados es que hacía años que tenían cuentas pendientes y que el pagaré de $2,150 es el resumen de esas cuentas; que ni el demandado Vilella ni los esposos llevaban nota de las distintas cantidades que originaron ese pagaré a pesar de que Vilella es un hombre de fortuna, que tiene cuentas para sus haciendas pero no para los préstamos que hace. En la declaración de Vilella se expone que ese crédito contra los esposos no lo declaró como tal al hacer su planilla de ingresos para la contribución de rentas, a pesar de que sabe que hay que hacer constar los ingresos de la persona que la llena

y lo que se derive por concepto de intereses, y que al llenar la planilla para la contribución directa no incluyó tampoco esa obligación porque la conceptúa poca comparada con lo que tenía en otros años; que tiene amistad con dichos esposos, que no acostumbra poner en los pagarés el tipo de interés pero que lo hizo constar en el de los Rivera porque es lo corriente y que si bien ha tenido pleitos pero no por demandas en cobro de pesos porque nunca ha tenido que demandar a nadie porque siempre ha llegado a transacciones. El interrogatorio de este testigo fué extenso.

El demandante Ignacio González declaró que en el mes de noviembre de 1914 fué a casa de Rivera a recordarle que en diciembre vencían sus pagarés por si quería abonárselos en café o en dinero, porque no podía esperarle más tiempo, y que entonces el demandado Rivera le dijo que no tenía dinero para pagarle y que se lo prorrogara por otro año pues él no le debía a nadie más y al manifestarle que le era imposible la prórroga le repitió que no le debía a nadie y que tenía con qué responder; que después que le entregó los papeles a su abogado, el demandado se presentó en su casa como desafiándolo, a lo que le contestó que él le había advertido que si no le pagaba iba a proceder, y al día siguiente se presentó otra vez el demandado en su establecimiento suplicándole que ya que le había embargado le hiciera el favor de esperar porque tenía esperanzas de conseguir el dinero y no lo hiciera gastar nada más; habló con la persona de quien le dijo Rivera que iba a obtener dinero y como aquélla le dijo que no se lo daría entonces llamó otra vez a Rivera y le dijo que lo estaba engañando, a lo que le contestó que no se apurara que para el próximo sábado él había hablado a una señora y le pagaría, por lo que el demandante, creyendo en eso avisó a su abogado para que esperara y no hiciera más gastos, pero a los cuatro o cinco días se enteró en el registro de que Vilella le había embargado y estaba

inscribiendo el embargo en aquel momento, y habiendo visto al demandado en la plaza, éste le dijo: "Tocayo, ¿por qué me mira mal?" y al contestarle el testigo que porque era un hombre que no tenía palabra porque le había suplicado que lo esperara y mientras tanto se había puesto de acuerdo con Vilella y con otro para embargar sus bienes y dejarlo burlado, le contestó Rivera: "Yo tengo que defender el pan de mis hijos, porque si usted se ha tirado contra mí yo tengo que defenderme;" que el demandado no salía de su tienda mientras no le embargó el Sr. Vilella pero que después que le embargó no volvió más a ella y se reía por la calle.

Tal es, en resumen, la prueba practicada que llevó al juez sentenciador a la conclusión de que el pagaré era simulado y falso para defraudar los derechos del demandante en el pleito que seguía contra los esposos Rivera, y para llegar a ella declara la corte inferior en su opinión que ha tenido en cuenta el testimonio de los propios demandados, los cuales presentados como testigos del demandante, intentaron explicar las transacciones entre ellos habidas y que se impugnan en este litigio, lo que hicieron de un modo tan vago, evasivo e inverosímil, que unidos sus testimonios a los demás hechos y circunstancias aportados por el demandante con su evidencia documental, no le ha quedado duda de que en efecto hubo en este caso claramente una conspiración por parte de los demandados para los fines que expresa en sus conclusiones de hecho.

En vista de la prueba que se presentó en el juicio, no creemos que el juez cometiera error al llegar a la conclusión de que se había simulado un pagaré para perjudicar al demandante. La prueba documental en este caso no era suficiente por sí sola para llegar a esa conclusión, pero es una circunstancia muy notable, que de ella se desprende la premura con que Vilella practicó su embargo y el no haber hecho objeción a su pleito los otros demandados cuando el de Gon-

zález lo detenían con procedimientos interlocutorios; pero si a esa prueba circunstancial se añade lo que resulta de las declaraciones de los testigos, principalmente de la de Vilella y de la de González, y de las manifestaciones que según él le hizo José I. Rivera, y que éste no contradijo, así como del hecho poco probable de que hombres que llevan cuentas entre sí por grandes cantidades las dejen únicamente a la memoria; y también que el demandado Vilella no hizo en sus planillas la declaración del crédito que reclamó luego a los esposos Rivera, podemos concluir que existe una prueba suficiente y fuerte para llegar a la conclusión de que los demandados simularon un pagaré para impedir al demandate el cobro de su crédito, con mayor razón cuando el crédito de Vilella abarcaba casi el valor de los únicos bienes que tenían sus supuestos deudores; prueba que cumple con los requisitos que hemos dicho deben existir cuando se trata de probar el fraude.

En cuanto al otro error por las citas que hace la corte inferior de los artículos del Código Civil que antes hemos mencionado, si bien no tienen relación con casos como el presente en que se trata de nulidad, siendo aquéllos para los casos de rescisión, sin embargo, como los recursos no se dan contra los fundamentos de la sentencia sino contra la sentencia misma, siendo sostenible la declaración de nulidad por todo lo que hemos expuesto, importa poco que el juez hiciera citas indebidas de otros preceptos si en efecto está sostenida por los hechos y por la ley.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.